UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GMD DEVELOPMENT CORPORATION, a Washington State corporation, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST WEST BANK, a for profit bank, and successor to WASHINGTON FIRST INTERNATIONAL BANK, et al., <br><br> Defendants. | CASE NO. C11-6003BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant East West Bank's ("East West") motion to dismiss (Dkt. 7). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 9, 2011, Plaintiffs GMD Development Corporation, Gina and Mahyar Sajjadi, and Gary Wilson ("Plaintiffs") filed a complaint in Pierce County Superior Court for the State of Washington against Defendants East West and Trustee and Corporate Services, Inc.. Dkt. 1. On December 6, 2011, East West removed the action to this Court.

On December 9, 2011, East West filed a motion to dismiss. Dkt. 7. Plaintiffs did not respond.

ORDER - 1

## II. FACTUAL BACKGROUND

On or about January 29, 2008, Washington First International Bank, predecessor in interest to East West ("Lender"), made a loan to GMG Development Corporation ("Borrower"), a company owned by Mahyar and Gina Sajjadi and Gary Wilson for $4,300,000.00 (the "Loan"). The purpose of the Loan was to finance the acquisition and development of a 54-lot residential subdivision ("Property"). The Loan went into default and Lender filed an action in October 2009, in Pierce County Superior Court, for the appointment of a receiver (the "Receivership").

On December 3, 2009, the Sajjadis filed a Third-Party Complaint in the Receivership action alleging that Lender was liable to them for wrongfully refusing to allow the Sajjadis to withdraw $500,000 being held by the bank as a "holdback" by the bank to secure the Sajjadis' performance of plat completion (the "First Lawsuit"). The Lender applied the holdback to the outstanding loan. On July 2, 2010, the First Lawsuit was dismissed with prejudice on summary judgment after being removed into Borrower's Chapter 11 bankruptcy proceeding. The Sajjadis appealed and the judgment of the Bankruptcy Court and the District Court affirmed the dismissal by judgment on January 3, 2011.

## III. DISCUSSION

As a threshold matter, the Court may consider a party's failure to respond to a motion as an admission that the motion has merit. Local Rule CR 7(b)(2). In this case, Plaintiffs failed to respond to East West's motion. Therefore, the Court considers Plaintiffs' failure as an admission that East West's motion has merit.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

ORDER - 2

complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, East West moves for dismissal based on the doctrines of res judicata and collateral estoppel. Dkt. 7. Res judicata (claim preclusion) is a doctrine designed to curtail relitigation of the same claim or cause of action. *Pederson v. Potter*, 103 Wn. App. 62, 67 (2000). The doctrine's purpose is to encourage respect for judicial determinations by ensuring finality and to conserve judicial resources by discouraging parties from relitigating their claims time and again. *Id.* at 71. Res judicata effects flow from a final judgment if the first and second proceedings have (with some exceptions) identity of subject matter, claims or causes of action; persons and parties; and the "quality" of parties for or against whom the claim is made. *Id.* at 69.

The doctrine of collateral estoppel (issue preclusion) is similar to res judicata and requires an identity of issues, that the first action ended with a final judgment on the merits; that the party being estopped was a party or a party in privity with the party in the first action, and that application of the doctrine would not work an injustice. *Id.*

In this case, the Court finds that under either doctrine Plaintiffs' claims are barred. Upon review of the complaint in the First Lawsuit and Lender's motion for summary judgment in that lawsuit, the Court finds that the issues presented in this action and the First Lawsuit have an identity of subject matter, the interested parties are identical, and East West would be prejudiced if it was required to relitigate these issues. The Court notes that, in this action, Plaintiffs have asserted a violation of the Washington Consumer Protection Act and a cause of action for common law waste. Although these causes of

ORDER - 3

action were not previously litigated, they are based on the allegations that East West breached the loan agreement, an issue that has been litigated. Therefore, because judgment has been entered that East West did not breach the loan agreement and this issue is dispositive as to all of Plaintiffs' claims, the claims are barred by res judicata and collateral estoppel.

East West requests that the Court award it attorney's fees and costs. Dkt. 7 at 15. The Court will consider this issue when East West files a separate motion and material in support of its request.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that East West's motion to dismiss (Dkt. 7) is **GRANTED**.

DATED this 6th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4